J. D. Spear & Co. *v.* D. S. Peabody.

The law of the place where the contract is made, or to be performed, must prevail in the construction or effect to be given to the contract whether the parties to it be inhabitants of that place or not.
A contract is not discharged by the obligor having been admitted to the benefit of the *cessio bonorum* under the laws of a country where the contract was not made or to be performed.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.
*G. B. Duncan* and *E. C. Mix*, for plaintiff and appellants. *J. Q. Brad-ford*, for defendant.

Voorhies, J. The judgment rendered in favor of the plaintiffs in this case, by the late Commercial Court of New Orleans, was founded on the defendant's promissory note, drawn at Mobile to the order of one *Daniel McCartney*, by whom it was endorsed in blank, and payable at the branch of the bank of the State of Alabama. The plaintiffs, in their petition, are represented as residents of Mobile, and the defendant as a resident of New Orleans. In January, 1840, a writ of *fieri facias* was sued out and returned *nulla bona*. It does not appear that any further proceedings were had on this judgment, until the 21st of February, 1854, when an alias writ of *fieri facias* was issued and levied on the defendant's property. Whereupon the defendant ruled the plaintiffs to show cause why the same should not be set aside, on the ground that he had been admitted to the benefit of the *cessio bonorum*.

The writ was ordered to be set aside by the District Court, on the ground that the plaintiffs had failed to show that they were citizens of another State. From this judgment the plaintiffs have appealed.

The record shows, that on the 6th of February, 1840, the defendant presented a petition, to which a schedule or summary statement of his affairs was annexed, to the Judge of the late Parish Court of New Orleans, with the usual prayer for a cession of his property to his creditors; on which, an order was accordingly granted for a meeting of his creditors on the 12th of March, 1840, and for a stay, in the meantime, of all proceedings against his person and property. The plaintiffs were placed on his schedule as judgment creditors residing at Mobile. No further steps appear to have been taken, or that the creditors of the defendant have ever been notified of the order thus granted.

The only question presented in this case, is whether the defendant's discharge may be pleaded as an extinguishment of the plaintiffs' remedy on an Alabama contract.

The fact that the defendant not only contracted the debt, but obligated himself to pay it, at the Branch of the Bank of the State of Alabama, is clearly established. The rule is well settled, that the law of the place where the contract is made, or to be performed, must prevail in the construction or effect to be given to the contract, whether the parties to it be inhabitants of that place or not. This rule, it would seem, is based on the presumption of law, that the parties to a contract are conusant of the laws where the contract is made, and are presumed to contract in reference to those laws. The doctrine, that the discharge of a contract by the law of a place where it was not made, or to be performed, will not be a discharge in any other country, is equally well settled. In his review of the jurisprudence of the United States on this subject, Mr. Chancellor Kent said: "It will be perceived, that the power of the

19

SPEAR.
*v.*
PEABODY.

States over this subject is, at all events, exceedingly narrowed and cut down; and as the decisions now stand, the debt must have been contracted after the passing of the act, and the debt must have been contracted within the State, and between citizens of the State, or else a discharge will not extinguish the remedy against the future property of the debtor." 1 Kent's Com. 422. 2 Ibid, 392. Story's Conflict of Laws, 282. 8 An. 339. 5 An. 271.

Hence, we conclude, that the insolvent's proceedings did not operate as an extinguishment of the plaintiffs' remedy, and that the writ was therefore erroneously set aside.

It is proper to state, that some of my brethren concur in this conclusion solely on the ground of precedent in the jurisprudence of our own State.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and that the rule taken by the defendant in this case be discharged at his costs; and that the Sheriff proceed according to law to execute said writ.